UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE WILLIAM MCGRAW, | § | |
| Movant, | § | No. 3:13-CV-0643-B-BH |
| vs. | § | No. 3:09-CR-0210-B |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

## ORDER

Before the Court is movant's *Motion Under Title 28 U.S.C. Section 2255 to Vacate and Set Aside The Judgment of Conviction,* received February 7, 2013 (doc. 1).  The motion, filed by counsel on behalf of movant, does not allege any grounds for seeking to vacate and set aside movant's conviction in this Court in Cause No. 3:09-cr-210-B.  Instead, it expressly explains that the motion's purpose is to toll the relevant statute of limitations, and it requests a ninety-day extension to file an amended § 2255 motion "once the facts and the applicable law have been ascertained by new counsel for defendant."  (Mot. at 1-2).

The applicable rules require that a § 2255 motion specify the grounds for relief, state the facts supporting each ground, and state the relief requested.  *See* Rule 2(b) of the Rules Governing Section 2255 Proceedings.  Although specifically titled as a § 2255 motion, movant's filing contains none of these required elements.  It therefore cannot be construed as a habeas petition because it does not set out the "facts giving rise to the cause of action."  *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988) (declining to even liberally construe similar *pro se* filing as a habeas petition based on lack of facts giving rise to action), *quoting Bounds v. Smith*, 430 U.S. 817 (1977).  Despite its title, movant's filing is properly construed as a motion for an extension of time to file his § 2255 motion.

The Fifth Circuit has held that a district court lacks the jurisdiction to consider a motion for extension of time to file a § 2255 motion that is not accompanied by a § 2255 motion arguing the merits of the case. *See United States v. Shipman*, 61 Fed. App'x 919 (5th Cir. Feb. 19, 2003). This is because without a § 2255 motion, "there is no case or custody to be heard, and any opinion...would be merely advisory." *Id.*, *quoting United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 (N.D. Tex. Dec. 23, 2008)(dismissing for lack of jurisdiction a motion for an extension of time to file a federal writ of habeas corpus filed solely in an attempt to toll the statute of limitations because federal courts do not decide hypothetical issues or give advisory opinions); *United States v. Williams*, No. 3:04-cr-193-M, 2007 WL 1670167 (N.D. Tex. June 4, 2007) (dismissing for lack of jurisdiction a motion for extension of time to file a § 2255 motion for the same reasons).

Accordingly, the Court lacks subject matter jurisdiction to rule on the motion for extension of time to file a § 2255 motion, and this action is therefore **DISMISSED** for want of jurisdiction.

SO ORDERED this 11th day of February, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

2